771 F.2d 445
 Jesus F. ST. JOHN, Plaintiff-Appellant,
v.
M.W. JUSTMANN, Reyes Barela, Arturo Roman and Edward
DiMateo, Individually and in their Official
Capacities, and the City of Deming,
Defendants-Appellees.
 No. 84-2323.
 United States Court of Appeals,
Tenth Circuit.
 Aug. 26, 1985.
 
 Antonio V. Silva, Rallis, Silva & Silva, P.C., El Paso, Tex., for plaintiff-appellant.
 Henry F. Narvaez and Robert C. Conklin, Keleher & McLeod, P.A., Albuquerque, N.M., for defendants-appellees M.W. Justmann, Arturo Roman and The City of Deming.
 Terry R. Guebert and Paul L. Civerolo, Civerolo, Hansen & Wolf, P.A., Albuquerque, N.M., for defendant-appellee Reyes Barela.
 Before McKAY, LOGAN and DOYLE, Circuit Judges.
 WILLIAM E. DOYLE, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff-appellant Jesus F. St. John, a Las Cruces, New Mexico, private investigator, filed a civil rights action in the United States District Court for the District of New Mexico against Malcolm Justmann, a detective with the Deming, New Mexico, Police Department; Reyes Barela, an investigator for the New Mexico Sixth Judicial District District Attorney's Office; The City of Deming; Arturo Roman, the Deming Chief of Police, and Edward DiMateo, the Sheriff of Dona Ana County. Appellant alleged that the various defendants conspired to deprive him of his civil rights in violation of 42 U.S.C. Secs. 1981, 1983, 1985(3) and 1986 and the First, Fourth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. In addition, appellant advanced pendent tort claims under New Mexico state law.
 
 
 3
 The United States District Court dismissed all federal claims under 42 U.S.C. Secs. 1981, 1985(3) and 1986, as well as the pendent state tort claims, prior to trial. In addition, all claims against Sheriff DiMateo were dismissed. The appellant does not contest those dismissals here. After a four-day bench trial on appellant's Sec. 1983 claim against the remaining defendants, the district court held in favor of all the defendants and dismissed appellant's Sec. 1983 claim on the merits. This appeal concerns only the district court's decision on the merits of St. John's Sec. 1983 claim.
 
 
 4
 The present case arose out of appellant's 1979 investigation of a rape case in Deming, New Mexico. Appellant had been hired to investigate the alleged crime by Jake Evans, who was the attorney for the accused, Luis Bolanos. Appellant interviewed the alleged victim, Virginia Gallardo, at her grandmother's home in Deming on June 9, 1979. In investigating he inquired from Ms. Gallardo as to what had happened the night of the alleged rape. After hearing Ms. Gallardo's story, the appellant told her that the case was weak. He told her that the defense attorneys would interrogate her in detail about the alleged rape and would try to make it seem as though she had wanted to have sex with the accused, and that the defense attorneys would "sweep and mop the floor" with Ms. Gallardo if she took the stand. The appellant then asked Ms. Gallardo if she still wished to testify against Mr. Bolanos. When she said no, the appellant drafted a statement indicating that Ms. Gallardo did not want to testify against Mr. Bolanos, had his assistant, Delia Archuleta, translate it into Spanish, and had Ms. Gallardo sign it.
 
 
 5
 Before leaving Ms. Gallardo on June 9, appellant managed to ascertain that she had not been subpoenaed to testify against Mr. Bolanos. Accordingly, appellant called Ms. Gallardo back the next day and proposed that she take a four-day "vacation" in Las Cruces at his expense. (This vacation would have kept Ms. Gallardo out of Deming on June 13, the day of Mr. Bolanos' preliminary hearing.) Ms. Gallardo declined appellant's offer, although she did indicate some interest in taking a vacation to Mexico.
 
 
 6
 Although Ms. Gallardo was in Deming on June 13, she did not appear to testify at Luis Bolanos' preliminary hearing. The District Attorney obtained a continuance to permit the State to find Ms. Gallardo. Detective Justmann, along with Susan Boyett, a friend of Ms. Gallardo's, found Ms. Gallardo at her sister's house. Ms. Boyett persuaded Ms. Gallardo to testify at the hearing; Ms. Gallardo did so that afternoon.
 
 
 7
 After the hearing, the District Attorney directed Detective Justmann and Investigator Barela to interview Ms. Gallardo and her relatives about the appellant's conduct. They did so, and reported back to the District Attorney. Based upon their report, the District Attorney dictated an affidavit for an arrest warrant and a criminal complaint charging the appellant with bribing or intimidating a witness. Magistrate Manuel Holguin reviewed these documents and issued an arrest warrant, which Justmann, accompanied by Barela, then executed. Mr. St. John was tried and acquitted on the criminal charges in April of 1980. The appellant filed this civil action on May 28, 1982.
 
 
 8
 Appellant raises three issues in this appeal. The first issue is whether the District Attorney, Detective Justmann, and Investigator Barela presented Magistrate Holguin with sufficient evidence to establish probable cause to justify the arrest warrant for appellant.
 
 
 9
 We must find that the district court correctly concluded that the appellees presented sufficient evidence to Magistrate Holguin to establish probable cause.
 
 
 10
 Although the existence of probable cause in any particular case is a question of law, the Magistrate's determination of probable cause to issue an arrest warrant is entitled to substantial deference. Spinelli v. United States, 393 U.S. 410, 419, 89 S.Ct. 584, 590, 21 L.Ed.2d 637 (1968). Our function as a reviewing court is merely to determine whether the magistrate had a substantial basis to support an independent judgment that probable cause existed. Whiteley v. Warden, Wyoming State Penitentiary, 401 U.S. 560, 564, 91 S.Ct. 1031, 1034, 28 L.Ed.2d 306 (1971). Finally, we must remember that in order to establish probable cause, the prosecution need not establish a prima facie case. Rather, it may establish probable cause for issuance of an arrest warrant by demonstrating a substantial probability that a crime has been committed and that a specific individual committed the crime. Illinois v. Gates, 462 U.S. 213, 235, 103 S.Ct. 2317, 2330, 76 L.Ed.2d 527 (1983).
 
 
 11
 We have reviewed the record in light of the foregoing principles of law. From that record we conclude that the district court was correct in its holding that, under the totality of the circumstances, see Illinois v. Gates, 462 U.S. at 238, 103 S.Ct. at 2332, Magistrate Holguin had a sufficient basis for finding probable cause to issue an arrest warrant. The District Attorney, Detective Justmann, and Investigator Barela all interviewed Ms. Gallardo before drafting the affidavit in support of the warrant for Mr. St. John's arrest. Ms. Gallardo's story was corroborated by the stories of her grandmother and sister and by the fact that Luis Bolanos' defense attorney, Jake Evans, had a report from St. John Private Investigations in his hands at Bolanos' June 13 preliminary hearing. This led the District Attorney, Justmann, and Barela to conclude that the appellant had improperly sought to influence Ms. Gallardo, the key witness in the Bolanos case. They presented the information they had to Magistrate Holguin. He made a presumptively independent determination that probable cause existed and issued a warrant for Mr. St. John's arrest.[1] We hold that despite Mr. St. John's later acquittal, Magistrate Holguin acted properly in finding probable cause, and that the district court in this case correctly found Magistrate Holguin's actions to be proper. Accordingly, we reject appellant's first ground for appeal.
 
 
 12
 The second issue that appellant says is presented for review is whether defendants Justmann and Barela knowingly or recklessly made false statements in the affidavits they submitted to Magistrate Holguin to obtain the arrest warrant for Mr. St. John. We can summarily dispose of this issue. Although appellant's counsel attempted to get Barela and Justmann to admit that they made false statements in their affidavits when he cross-examined them, both Barela and Justmann testified under oath that all the statements contained in their affidavits were true to the best of their knowledge at the time they made them. Nor did any of the other evidence adduced at trial even remotely indicate that Barela's and Justmann's affidavits were less than truthful. We find nothing in appellant's speculations about false statements that even approximates the sort of tangible proof that would be required to find for the appellant. Accordingly, we reject appellant's second ground for appeal.
 
 
 13
 Finally we consider the issue that appellant has raised for review. It is whether the defendants violated Mr. St. John's right to due process of law by swearing out affidavits in support of his arrest and by arresting him. The necessary predicate that appellant must establish before he can recover on this due process theory is the untruthfulness of the affidavits. This is so because if the affidavits were true and the arrest warrant was facially valid, then the appellant's arrest was not violative of the due process clause even though he was later acquitted. See Baker v. McCollan, 443 U.S. 137, 144-45, 99 S.Ct. 2689, 269495, 61 L.Ed.2d 433 (1979). Since we have noted above that the appellant did not even come close to proving that Barela's and Justmann's affidavits were false, we can find no merit in appellant's due process theory. Accordingly, we reject defendant's third ground for appeal.
 
 
 14
 We are unable to see merit in any of the appellant's arguments on appeal. We must affirm the district court's judgment in all respects.
 
 
 
 [1]
 Appellant's attorney, through his questioning at trial, attempted to insinuate that Magistrate Holguin was no more than a rubber stamp for the District Attorney's office. The testimony adduced at trial, however, provides no support for this theory. In the absence of tangible proof, we must reject the speculations of appellant's attorney and presume that Magistrate Holguin acted properly in finding probable cause